E-FILED
Thursday, 10 August, 2006  03:43:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1155 |
| | ) | |
| MED-I-CLAIMS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Med-I-Claims Services, Inc.'s ("Medi-I-Claims") Motion to Dismiss.  Defendant argues that this Court should dismiss Plaintiff's Complaint because the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) states that a claim for relief need only contain a (1) "short and plain statement of the grounds upon which the court's jurisdiction depends," (2)  "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).

In the section of Simmons' form complaint which asks the pleading party to "[s]tate the grounds for filing this case in Federal Court, " Simmons wrote "F.D.C.P.A. Title 15 Section 1692."  Additionally, section four of the form asks the pleading party to include a:

> Statement of claim (State as briefly as possible the facts of your case.  Describe how each defendant is involved.  You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you.  Include also the names of other persons involved, dates, and places.  Be as specific as possible. You may use additional paper if necessary.)

(Simmons' Complaint, at 3.)  In response to this inquiry, Simmons merely wrote "Plaintiff claim [sic] in count 1 thru 10, that on Feb. 27, 2006, the Defendant violated the F.D.C.P.A."  These are the only facts that Simmons includes in his Complaint.  The remainder of the Complaint simply includes a listing of the parties' names and addresses and a prayer for relief.

In responding to Defendant's Motion to Dismiss, Simmons argues that he does not need to provide any facts under the liberal notice pleading standard required by the federal courts.  In support of his argument, Simmons cites the recent Seventh Circuit case of *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006), which clearly holds that a plaintiff need not plead every element of his claim in order to satisfy the requirements of Rule 8.  However, a plaintiff must include enough information to put the defendant on notice of the claims against him.  *See Thompson v. Illinois Department of Professional Regulation,* 300 F.3d 750, 753 (7th Cir. 2002) ("All that Federal Rule of Civil Procedure 8 requires is a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon").

Here, Simmons has not included a short and plain statement showing that he is entitled to relief.  All that can be gleaned from his complaint is that he alleges that the Defendant violated the Fair Debt Collection Practices Act on February 27, 2006.  This alone is not sufficient to allow the Defendant to answer the complaint.  Although one could argue that the Defendant should know what exactly took place on February 27, 2006, the fact remains that Simmons' complaint refers to Counts 1 through 10 despite the fact that absolutely no information exists to describe what each of these counts are.  Admittedly, Simmons does not have to provide every fact relating to these events or to present facts relating to every element of each offense; however, he does need to include enough information to put the Defendant on notice regarding

the claims to allow Defendant to answer the complaint. Simmons' complaint fails to include sufficient information and therefore Simmons' complaint is dismissed without prejudice to filing an amended complaint that complies with Rule 8(a). Simmons has fourteen days to file an amended complaint that provides sufficient information to allow Defendant to answer. A failure to file an amended complaint on or before fourteen days from the date of order will result in the Court converting the dismissal into a dismissal with prejudice.

Furthermore, in light of the fact that Simmons is granted leave to amend his complaint, Simmons' current Motion for Summary Judgment [#12] filed on August 7, 2006, is now moot. *See* CDIL-LR 7.1(E). However, Simmons' Motion for Costs [#5] remains pending as it relates to service of process and will not be affected by the filing of Simmons' amended complaint.

ENTERED this 10th day of August, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge